**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 20-2759-JFW(MAAx)** | Date:  May 14, 2020 |

Title:     Raymond Richards -v- United Parcel Service, Inc., et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [filed 4/17/20; Docket No. 12]; and**

**ORDER GRANTING DEFENDANT DEBORAH WALTON'S MOTION TO DISMISS [filed 4/27/20; Docket No. 17]**

On April 17, 2020, Plaintiff Raymond Richards ("Plaintiff") filed a Motion for Remand. On April 27, 2020, Defendants United Parcel Service, Inc. ("UPS") filed its Opposition. On May 5, 2020, Plaintiff filed a Reply. On April 27, 2020, Defendant Deborah Walton (erroneously sued as Debra Walton) ("Walton") filed a Motion to Dismiss. On May 8, 2020, Plaintiff filed his Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for May 18, 2020 (Motion to Remand) and June 1, 2020 (Motion to Dismiss) are hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**

On February 19, 2020, Plaintiff filed a Complaint against UPS and Walton (collectively, "Defendants") in Santa Barbara Superior Court, alleging causes of action for: (1) retaliation in violation of California's Fair Employment and Housing Act ("FEHA") against UPS; and (2) wrongful termination in violation of public policy against UPS and Walton. In his Complaint, Plaintiff alleges that he was terminated by UPS on February 21, 2019 after 24 years of employment because he had assisted two other UPS employees with reporting their sexual and gender harassment and discrimination complaints to the appropriate supervisory and human resource personnel.

On March 25, 2020, UPS filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  With respect to diversity of citizenship, UPS alleges that there is complete diversity between Plaintiff, a citizen of California, and UPS, a citizen of Ohio and Georgia, and that Walton, a citizen of California, is a "sham defendant" who was joined to defeat diversity.

## II.     Legal Standard

### A.     Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Case 2:20-cv-02759-JFW-MAA   Document 21   Filed 05/14/20   Page 3 of 3   Page ID #:205

**B.     Motion to Remand**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

**III.    Discussion**

In her Motion to Dismiss, Walton moves to dismiss Plaintiff's claim for wrongful termination in violation of public policy against her because only an employer, not an individual supervisor such as Walton, can be liable for wrongful termination in violation of public policy.  Walton also argues that her dismissal from the action should be with prejudice.  Plaintiff concedes that the wrongful termination in violation of public policy claim against Walton should be dismissed.  *See, e.g.,* Motion to Remand (Docket No. 12), 5: 8-11 ("Plaintiff concedes that Ms. Walton cannot be personally held responsible for wrongful termination in violation of public [policy] . . . or retaliatory discharge").  However, Plaintiff argues that he "can establish a viable claim against Deborah Walton for Intentional Infliction of Emotional Distress," and, thus, any dismissal of Walton from this action should be without prejudice.  *Id.*, 5:14-15; *see also* Opposition to Walton's Motion to Dismiss (Docket No. 20), 2:15-16 ("However, plaintiff intends to amend his complaint to allege a claim for Intentional Infliction of Emotional Distress against Defendant Walton").  Plaintiff also requests leave to file a First Amended Complaint ("FAC") to add the intentional inflection of emotional distress claim against Walton.

Because Plaintiff concedes that he cannot maintain a wrongful termination in violation of public policy claim against Walton, the Court dismisses that claim with respect to Walton, and because amendment is futile, that claim is dismissed without leave to amend.

**IV.    Conclusion**

For all the foregoing reasons, Walton's Motion to Dismiss is **GRANTED**.  The claim for wrongful termination in violation of public policy with respect to Walton is **DISMISSED without leave to amend**.  Plaintiff's Request for leave to file a FAC is **DENIED**.  If Plaintiff wishes to pursue filing a FAC, he may do so by filing a regularly notice motion.  Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.

Page 3 of  3                                    Initials of Deputy Clerk   sr